# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ali Powell, | Case No. 0: 17-CV-01629-SRN-KMM |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| United States of America, | |
| Respondent. | |

Ali Powell, Reg. No. 13361-089, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, pro se petitioner,

Ana H. Voss, Ann M. Bildtsen, David W. Fuller, United States Attorney's Office, 300 S 4th Street, Suite 600, Minneapolis, MN 55415

Now before the Court is petitioner Ali Powell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pet., ECF No. 1. Mr. Powell is currently incarcerated in the Federal Prison Camp in Duluth, Minnesota. *Id.* at 2. He argues that his right to due process of law was violated when the Bureau of Prisons reduced his time off for good behavior after finding that he violated prison rules. *Id.* at 8–13. Because the procedures provided by the prison satisfied the due process standard applicable to prison disciplinary hearings, the Court recommends Mr. Powell's petition be denied.

## BACKGROUND

In July 2015, Mr. Powell's prison camp dormitory room was subjected to a random search. *Id.* at 8. According to an incident report, the search produced ten ounces of loose tobacco and "a cleaning spray bottle with a brown liquid inside." *Id.* The liquid tested positive for alcohol. *Id.* All contraband was found in Mr. Powell's

secured locker. *Id.* He was charged with violating prison rules for possession of tobacco and of alcohol and he acknowledges that the tobacco was his. *Id.* at 8, 10.

Mr. Powell received a written incident report and had a disciplinary hearing one month later. *Id.* at 8. Both before and during the hearing, Mr. Powell asserted that the bottle found in his locker contained "a chemical from Safety called Formula 66," which he received to clean floors and garbage cans. *Id.* at 8–9. At the hearing, the disciplinary hearing officer ("DHO") considered the statement of Mr. Powell's representative that the liquid was cleaner and not alcohol; the incident report describing the search, the discovery of the contraband, and the testing of the liquid for alcohol content; the photographs taken during the search; an information sheet regarding Formula 66; and Mr. Powell's own repeated statements that the liquid he had was a cleaner. Pet. Ex B at 1–2. In spite of Mr. Powell's defense, the DHO concluded that the greater weight of the evidence supported a finding that Mr. Powell had violated prison rules by possessing both alcohol and tobacco, and imposed sanctions for both violations. *Id.* at 2. For possessing alcohol, Mr. Powell lost 41 days of good time and 120 days each of commissary, phone, and visiting privileges. *Id.* For possessing tobacco, Mr. Powell lost 14 days of good time and 90 days each of commissary and phone privileges. *Id.*

After the hearing, Mr. Powell attempted to appeal the result. Pet. at 10, 12–13. Mr. Powell alleges that his appeals were deemed untimely as a result of prison staff holding his mail back or keeping paperwork longer than was necessary in an effort to obstruct his appeals. *Id.* at 12–13. Ultimately, he requests expungement of the incident report, despite his admission of tobacco possession in violation of prison rules. *Id.* at 13.

## ANALYSIS

The government concedes that both venue and jurisdiction are proper here: Mr. Powell is currently incarcerated within the District of Minnesota and his petition under § 2241 challenges the results of a disciplinary hearing impacting the duration of his confinement. *See* Resp. at 9, ECF No. 5. The Court agrees.

An inmate does not lose the right to due process of law simply because he is incarcerated. But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974). The

Supreme Court "has consistently held that some kind of hearing is required at some time before a person is finally deprived of his property interest," and applied that reasoning to deprivation of good time in response to a disciplinary proceeding where good time was provided for by statute. *Id.* at 557, 94 S.Ct. at 2975. Moreover, the Supreme Court has articulated a test for determining whether an inmate received adequate due process after loss of time off for good behavior pursuant to a disciplinary decision: inmates are entitled to "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985); *see also Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011) (applying the *Hill* test).

Mr. Powell received the due process required under *Hill*. The exhibits to his petition include the written incident report setting forth the alleged violations, and his petition refers specifically to his receipt of the incident report. Pet. Ex. 6; Pet. at 8; *see also* Gluc Decl., Ex. D at 2, ECF No. 7. Moreover, Mr. Powell does not contest that he received a disciplinary hearing, nor does he argue that the factfinder failed to provide a written statement of the evidence relied upon and the reasons for the decision. Part of that written statement is also attached to Mr. Powell's petition as an exhibit. Pet. Ex. B; *see also* Gluc Decl., Ex. G.

The only *Hill* factor Mr. Powell specifically contests is his opportunity to present evidence. *See* Pet. at 9, 11. Mr. Powell asserts that the Bureau of Prisons unconstitutionally limited his ability to present evidence in his defense. *Id.* at 11. He argues that he asked for a test of the liquid in the spray bottle found in his possession, but his request was rejected. *Id.* However, Mr. Powell provides no support for the assertion that this specific test was required.

The DHO considered Mr. Powell's statement that the liquid was Formula 66 from the safety department. Gluc Decl., Ex. G at 2. He further considered photographs from the room search, which depicted loose tobacco, the spray bottle, and the screen of an Alco-Sensor 3 reading at .046. *Id.*; Gluc Decl., Ex. D at 3–4. He further considered an information sheet provided by the safety department which showed "no alcohol or any evidence the chemical would test positive for alcohol." Gluc Decl., Ex. G at 2; Gluc Decl., Ex. D at 5–8. While Mr. Powell is correct that

-3-

*Hill* requires he be allowed to present witnesses and documentary evidence in his defense where possible, it does not follow that the prison is required to provide Mr. Powell with chemical testing services or that the prison must otherwise produce documentary evidence for him. *See, e.g.*, *Spence v. Farrier*, 807 F.2d 753 (8th Cir. 1986) (finding that imposing prison discipline based on a particular urinalysis method did not violate due process despite inmates' arguments that a more reliable confirmatory procedure was required).

It is important to note that the role of this Court is not to reweigh the evidence presented at the disciplinary hearing. *Hill*, 472 U.S. at 455, 105 S.Ct. at 2774. Wherever "some evidence" supports the conclusion of the DHO, this Court does not consider the evidence presented any further. *Id.* at 455–56, 105 S.Ct. at 2274. And even when evidence exists in the record to contradict an allegation of misconduct, sanctions based on a contested disciplinary report have been upheld if the report is nonetheless found to be credible. *See, e.g.*, Hrbek v. Nix, 12 F.3d 777, 781 (8th Cir. 1993) ("Even when there is substantial evidence to the contrary, the [disciplinary] committee may find a guard's report to be credible and therefore take disciplinary action."). Here, where Mr. Powell received the due process to which he is entitled and where evidence supports the DHO's determination, the Court does not consider whether the prison could have or should have tested the liquid in the offending bottle to prove the violation. *See* Pet. at 9 (suggesting such a test is required). The Court's inquiry stops with the photographs, incident report, Alco-Sensor 3 test, and information sheet from the safety department.

In its response, the government also argued that Mr. Powell's petition should be denied for failure to exhaust administrative remedies. Resp. at 10–11. Because a Court may consider the merits of a petition without considering exhaustion, and because Mr. Powell's petition fails on the merits, the Court declines to reach the issue of exhaustion. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2008) (holding that exhaustion is not jurisdictional); *see also Stewart v. Cruz*, No. 08-cv-6085 (RHK/SRN), 2009 WL 1607579, at *4 (D. Minn. June 8, 2009) ("Because this Court recommends that the Petition be denied on the merits, it would be a waste of judicial resources to hold an evidentiary hearing on the issue of exhaustion.").

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mr. Powell's Petition for Writ of Habeas Corpus be **DENIED** and this matter be **DISMISSED**.

Date: April 24, 2018                                *s/ Katherine Menendez*
                                                                       Katherine Menendez
                                                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.